UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>KYA SERVICES, LLC,<br><br>   Defendant. | Case No.  23-cv-03725-JCS<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 9 |

## I. INTRODUCTION

Plaintiffs—several union benefit trust funds and their trustees —assert claims against Defendant Kya Services, LLC ("Kya") under the Employee Retirement Income Security Act ("ERISA") related to late and unpaid fringe benefit contributions for the period March 1, 2018 – April 30, 2019.  Presently before the Court is Kya's Motion to Dismiss ("Motion"), in which it asserts that Plaintiffs' claims are untimely, as a matter of law, because the contributions were for months that fall outside of the four-year limitations period that applies to Plaintiffs' claims and therefore, that the complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Court finds that the Motion is suitable for determination without oral argument and therefore vacates the hearing set for November 17, 2023.  *See* Civ. L.R. 7-1(b). The Initial Case Management Conference set for the same date is continued to December 15, 2023 at 2:00 p.m. via Zoom webinar, id. 161 926 0804, password 050855. For the reasons stated below, the Motion is DENIED.[1]

---

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND

The factual allegations in the Complaint are brief. According to Plaintiffs, Kya entered into a collective bargaining agreement with Plaintiff District Council 16 of the International Union of Painters and Allied Trades (the "Union") requiring that it pay employer contributions to Plaintiffs' ERISA trust funds based on the number of hours Kya's employees work each month. Compl. ¶¶ 9-12. Kya is also required to maintain records of hours worked and to submit to audits by Plaintiffs upon request. *Id.* Plaintiffs allege that Kya "has failed and refused to pay delinquent contributions, liquidated damages, and interest found due on a payroll audit for the time period March 1, 2018 through April 30, 2019." *Id.* ¶ 13. Plaintiffs assert a single claim for unpaid contributions and related amounts under 29 U.S.C. § 1145 and LMRA § 301(a).

Plaintiffs filed the Complaint on July 26, 2023. Kya agreed to waive service of the Complaint, executing a waiver of service of summons on August 3, 2023. Jhans Decl. ¶ 5(d) & Ex. C (executed Waiver of Service of Summons) ("Waiver"). The Waiver states, "I understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 8/03/2023" and is signed by Kya's attorney, Natasha Buchanan. Jahns Decl., Ex. C. Sixty-one days later, on October 3, 2023, Kya filed the instant motion.

Kya asserts in the Motion that Plaintiffs' claim is governed by a four-year limitations period and that it is "time barred because . . . the alleged delinquent payments began during the time period of March 1, 2018 through April 30, 2019, which is well outside of the four-year statute of limitations period." Motion at 5. There is no request in the Motion to be excused for the late filing of the Motion. Nor did Kya file a separate motion under Fed.R.Civ. P. 6(b) asking to be excused for the untimely filing.

In their Opposition, Plaintiffs assert that the Court should disregard the Motion altogether because it was untimely, pointing to the requirements of Rule 6(b) as interpreted by the Supreme Court in *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 897 n. 5 (1990). Even if the Court excuses the late filing, Plaintiffs contend, it should deny the Motion because there are no facts alleged in the complaint that establish that their ERISA claim is time-barred.

In Kya's Reply, it contends the Court should consider the Motion because it was filed only

12 hours late and Plaintiffs were not prejudiced by the delay. Kya supplies a declaration from Ms. Buchanan stating that she was out sick the day the motion was due and believes that there is good cause to excuse the late filing.

### III.   ANALYSIS

Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time" as follows:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed.R.Civ.P. 6(b)(1). The Supreme Court has held that "Rule 6(b) establishes a clear distinction between 'requests' and 'motions,'" explaining:

> Rule 6(b)(1) allows a court . . . to grant a "request" for an extension of time, whether the request is made "with or without motion or notice," provided the request is made before the time for filing expires. After the time for filing has expired, however, the court . . . may extend the time only "upon motion." To treat all postdeadline "requests" as "motions" (if indeed any of them can be treated that way) would eliminate the distinction between predeadline and postdeadline filings that the Rule painstakingly draws. Surely the postdeadline "request," to be even permissibly treated as a "motion," must contain a high degree of formality and precision, putting the opposing party on notice that a motion is at issue and that he therefore ought to respond.

*Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 897 n. 5 (1990).

Kya did not seek an extension of the deadline to file its Rule 12 motion until after the deadline to do so had already passed. Accordingly, to the extent it now asks the Court to excuse its untimely filing, Rule 6(b)(1)(B) governs that request. As discussed above, under *Lujan*, a post-deadline request for a deadline to be excused should be brought in the form of a motion, or at least, a request that contains a "high degree of formality" such that the opposing party is on notice "that a motion is at issue and that he therefore ought to respond." Although Plaintiffs cited both the applicable rule and the Supreme Court's interpretation of the rule under *Lujan* in their Opposition brief, Kya has not brought a motion under Rule 6(b) asking the Court to excuse the filing deadline that it missed. Even its discussion of the reasons for the late filing in its Reply

3

brief does not include a formal request under that rule. Therefore, the Court declines to consider the Motion and DENIES the Motion on that basis. *See Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 654 F.3d 958, 966 (9th Cir. 2011) (holding that district court did not abuse discretion in declining to consider untimely evidence submitted with a supplemental brief where the party who sought to introduce the evidence had not brought a motion within the meaning of the local rules governing motion practice to excuse the missed deadline, as required under Rule 6(b)).[2]

## IV. CONCLUSION

For the reasons stated above, the Motion is DENIED.

**IT IS SO ORDERED.**

Dated: November 9, 2023

_____
JOSEPH C. SPERO
United States Magistrate Judge

---

[2] Even if the Court were to consider the Motion on the merits, it would deny the Motion. The Federal Rules of Civil Procedure classify statutes of limitations as an affirmative defense. Fed.R.Civ.P. 8(c). "Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground." *Jones v. Bock*, 549 U.S. 199, 215 (2007). Here, the allegations in the complaint do not establish that Plaintiffs' claims are time-barred. As both parties agree, federal law governs when Plaintiffs' claim accrued, which depends on when Plaintiffs knew or had reason to know that Kya had underpaid for the months at issue. *See N. California Retail Clerks Unions & Food Emps. Joint Pension Tr. Fund v. Jumbo Markets, Inc.*, 906 F.2d 1371, 1372 (9th Cir. 1990). Kya has pointed to no case that establishes as a matter of law that an ERISA trustee has reason to know of an underpayment as soon as a payment comes due and even before an audit is completed. Consequently, the mere fact that the contributions are for months that fall outside of the limitations period (which the parties agree is four years in this case) does not provide a sufficient basis to find, based on the allegations in the complaint, that Plaintiffs' ERISA claim for contributions is untimely. Nor has Kya pointed to any other allegations in the complaint that establish, as a matter of law, when the limitations period began to run. That is a question that requires development of the record and cannot be decided on the pleadings.